**Loni F. DeLAND, Plaintiff and Appellant,**

v.

**UINTAH COUNTY, Defendant and Appellee.**

**No. 960801–CA.**

Court of Appeals of Utah.

Sept. 11, 1997.

---

Herschel Bullen, Salt Lake City, for Plaintiff and Appellant.

JoAnn B. Stringham, Vernal, for Defendant and Appellee.

Before DAVIS, P.J., and BILLINGS and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Attorney Loni F. DeLand appeals the trial court's entry of summary judgment in favor of Uintah County. We affirm.

## BACKGROUND

In October 1993 Uintah County Sheriff Lloyd D. Meacham was charged by information with three felony counts of misuse of public money and three misdemeanor counts of falsification or alteration of government documents. DeLand was hired to represent Meacham in the ensuing criminal proceedings, which ended when the trial court dismissed the felony counts on Meacham's motion and Meacham pleaded guilty to the three misdemeanor counts in a plea bargain.

Under an assignment of claim from Meacham to DeLand, DeLand sued Uintah County for the attorney fees incurred in successfully defending Meacham from the dismissed counts. The claim was made under Utah Code Ann. § 63–30a–2 (1993), which reads:

> If a state grand jury indicts or if an information is filed against [a public] officer or employee, in connection with or arising out of any act or omission of that officer or employee during the performance of his duties, within the scope of his employment or under color of his authority, and that indictment or information is quashed or dismissed or results in a judgment of acquittal, unless the indictment or information is quashed or dismissed upon application or motion of the prosecuting attorney, that officer or employee shall be entitled to recover from the public entity [employing him or her] reasonable attorneys' fees and court costs necessarily incurred in the defense of that indictment or information.

On summary judgment, the trial court ruled that, although three out of six counts were dismissed, the information itself was not dismissed, and therefore under the statute DeLand could not recover attorney fees on Meacham's behalf. DeLand appeals.

## ANALYSIS

DeLand argues the trial court incorrectly interpreted the above statute in denying his

claim. He asserts the statute's plain language, as well as legislative history and related statutes, support his view that each count is effectively its own separate information. Thus, he maintains the statute provides that attorney fees associated with individual dismissed counts may be recovered.

Statutory interpretation presents a question of law which we review for correctness. *See Gull Lab., Inc. v. Utah State Tax Comm'n*, 936 P.2d 1082, 1084 (Utah Ct.App. 1997). When we construe a statute, we first explore its plain language and use other modes of interpretation only if the language contains ambiguities. *See id.* Unless a literal reading would render the statute's wording unreasonably inoperable or confusing, we accord the wording its " 'usual and accepted meaning' " and do not " 'look beyond plain and unambiguous language to ascertain legislative intent.' " *Id.* (quoting *US Xpress, Inc. v. Utah State Tax Comm'n*, 886 P.2d 1115, 1117 (Utah Ct.App.1994)). We merely assume the Legislature carefully and advisedly chose the statute's words and phrases. *See id.*

DeLand's plain language argument focuses on the Legislature's use of singular terms in the statute at issue and the statute defining "information." *See supra;* Utah Code Ann. § 77–1–3 (Supp.1997) (" 'Information' means *an* accusation, in writing, charging *a* person with *a* public offense...." (emphasis added)). However, he fails to recognize a cardinal rule of statutory construction, which has been codified at Utah Code Ann. § 68–3–12(1)(a) (1996): "In the construction of these statutes, the following general rules shall be observed, unless such construction would be inconsistent with the manifest intent of the Legislature or repugnant to the context of the statute: (a) The singular number includes the plural, and the plural the singular." Considering that an information often *must* include multiple counts, *see* Utah R.Crim. P. 9.5, it makes complete sense in the context of sections 63–30a–2 and 77–1–3 that "any act or omission," "an accusation," and "a public offense" should be read to include "any *acts* or omission*s*," "accusation*s*," and "public offense*s*."

Further, the Legislature is presumed to have used the involved terms advisedly and could easily have incorporated language allowing for recovery of attorney fees when separate charges or counts in an information or indictment are dismissed, quashed, or result in acquittal. The statute clearly states a public officer or employee is entitled to recover attorney fees when "the indictment or information is quashed or dismissed." It does not state: "Attorney fees may be recovered when individual counts in an information are dismissed." And, we assume the Legislature is well aware that, as noted above, informations very often include multiple counts in accord with the Utah Rules of Criminal Procedure. *See* Utah R.Crim. P. 9.5. Consequently, we conclude that the plain language of section 63–30a–2 supports the trial court's ruling that no attorney fees may be recovered in this case in which the information was not dismissed, although some of the charges were.[1]

In light of our reliance on the statute's plain language, we need not analyze legislative history or analogous statutory schemes to support our interpretation. Further, we need not reach Uintah County's argument that Meacham cannot recover attorney fees under the statute because his actions were not performed as part "of his duties, within the scope of his employment or under color of his authority."

Affirmed.

DAVIS, P.J., and BILLINGS, J., concur.

---

1. In his brief, DeLand expresses fear about the "perverse result[s]" that such an analysis would allow, posing some exaggerated hypotheticals to show the trial court's folly. However, this cause of action is purely a creature of the Legislature, which has the right to outline its constraints, even if those constraints leave some would-be claimants without recourse. Moreover, we simply do not read the statute's language to be " 'unreasonably confused, inoperable, or in blatant contravention of the express purpose of the statute.' " *State Farm Mut. Auto. Ins. Co. v. Clyde*, 920 P.2d 1183, 1186 (Utah 1996) (citation omitted).