2003 UT App 265

**STATE of Utah, in the interest of J.H. and M.H., persons under eighteen years of age.**

**K.B. and S.B., Appellants,**

v.

**State of Utah, Appellee.**

No. 20020841–CA.

Court of Appeals of Utah.

July 25, 2003.

Loren M. Lambert, Midvale, for Appellants.

Mark L. Shurtleff and Carol L. Verdoia, Asst. Attys. Gen., Salt Lake City, for Appellee.

Kristen G. Brewer and Martha Pierce, Salt Lake City, Guardians Ad Litem.

Before BILLINGS, Associate P.J., BENCH, and THORNE, JJ.

## OPINION

BENCH, Judge:

¶ 1 This is an appeal from an order denying an adoption petition.

## BACKGROUND

¶ 2 J.H. and M.H. are the natural born children of P.H. (father) and T.H. (mother). The children were removed from their parents' custody for the second time in October 2000. On approximately December 21, 2000, both children were adjudicated as having been abused by father and neglected by mother. Around this same time period, the court ordered kinship placement studies involving Appellants. Appellant S.B. is the sister of father, and Appellant K.B. is her husband. Kinship placement with Appellants was rejected based on their difficulty in accepting the children's allegations of abuse against father. Appellants did not appeal or contest the court's decision regarding kinship placement.

¶ 3 Several months after the State filed to terminate the parental rights of father and mother, Appellants filed their own Petition to Terminate Parental Rights, along with a Request to Adopt. Father and mother voluntarily relinquished their parental rights, and trial on Appellants' Request to Adopt was held in September 2002. After hearing the evidence, the trial court denied Appellants' petition to adopt because they "failed to meet the burden of proof of establishing themselves as an appropriate adoptive placement for the children[,] have no current relationship with the children[,] and only visited the children once in the last six months." Appellants now appeal, contesting the denial of their petition to adopt and contesting the proceedings that occurred earlier in reference to possible kinship placement of the children.

## ISSUES AND STANDARDS OF REVIEW

¶ 4 Whether the juvenile court erred in failing to comply with its statutory obligation is a question of law; however, "[f]or a question to be considered on appeal, the record must clearly show that it was timely presented to the trial court in a manner sufficient to obtain a ruling thereon."
*Franklin Fin. v. New Empire Dev. Co.*, 659 P.2d 1040, 1045 (Utah 1983).

¶ 5 Whether the juvenile court properly denied Appellants' petition to adopt is a mixed question of fact and law. "We review the juvenile court's findings for clear error and its conclusions of law for correctness, affording the court 'some discretion in applying the law to the facts.'" *In re G.B.*, 2002 UT App 270, ¶ 11, 53 P.3d 963 (citation omitted).

## ANALYSIS

¶ 6 Appellants argue that the "court erred by failing to comply with its statutory obligation to consider kinship placement." Appellants claim that "the trial court disregarded its statutory obligations under [Utah Code Ann.] §§ 78–3a–109, 78–3a–307, 78–3a–404 and 78–30–4.24." Utah Code Ann. § 78–3a–307(5)(a) (2002) states, in relevant part, that

> [i]f, at the time of the shelter hearing, a child is removed from the custody of his parent and is not placed in the custody of his other parent, the court shall, at that time, determine whether there is a relative who is able and willing to care for the child.

*Id.* Testimony at the adoption trial indicated that kinship placement with the Appellants was considered and denied because of their "beliefs regarding the abuse" of the children. Clearly, pursuant to section 78–3a–307(5)(a), the juvenile court has an affirmative duty to identify and consider for kinship placement any willing relative, and then to "make a specific finding regarding the fitness of that relative to assume custody." Utah Code Ann. § 78–3a–307(5)(b)(i) (2002). However, Appellants failed to timely raise with the juvenile court any errors in the kinship placement proceedings. Instead, many months after the children had been placed in another home, Appellants attempted to raise these issues for the first time during the trial of their adoption petition. We decline to consider Appellants' arguments regarding errors in the kinship placement proceedings because they were not timely raised in the trial court. *See In re E.R.*, 2001 UT App

66,¶¶ 9–10, 21 P.3d 680 (declining to consider issues that were not preserved by raising them before the trial court).

¶ 7 Appellants also argue that the trial court erred "by refusing to allow [Appellants] to participate in the proceedings and hearings ... held after [Appellants'] petition to adopt was filed." Appellants were not parties to the dispositional and permanency hearings held under sections 78–3a–311 and 78–3a–312 respectively and were not entitled to receive notice of these hearings. *See* Utah Code Ann. §§ 78–3a–306 to –312 (2002). Any potential right that Appellants' may have had to a hearing was satisfied by the trial of their adoption petition. *See In re H.J.*, 1999 UT App 238,¶¶ 32–34, 986 P.2d 115.

¶ 8 Finally, Appellants argue that the juvenile court erred in dismissing their "petition to adopt when all the evidence supported their qualifications as adoptive parents." In an adoption petition, "the best interest of the child should govern and be of foremost concern in the court's determination." Utah Code Ann. § 78–30–1.5 (2002). Contrary to Appellants' suggestion, there is no preference in adoption cases for next-of-kin. *See id.; In re Adoption of A.B.*, 1999 UT App 315,¶ 16, 991 P.2d 70 (rejecting the argument that a next-of-kin relationship entitles one to preference in adoption proceedings). At the time of trial, Appellants had "no current relationship with the children" and had not "seen the children except for one incidental contact ... in almost two years." The juvenile court concluded that Appellants failed to meet their burden of showing that it was in the best interests of the children to approve Appellants' petition. Based on our review of the record, we conclude that the juvenile court did not exceed its discretion in denying Appellants' petition to adopt. *See In re E.R.*, 2001 UT App 66 at ¶ 11, 21 P.3d 680.

## CONCLUSION

¶ 9 We conclude that the juvenile court properly exercised its discretion in denying Appellants' petition to adopt. Accordingly, we affirm.

¶ 10 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and WILLIAM A. THORNE JR., Judge.