2006 UT App 497

**Joseph CHESONIS and Renee Chesonis, Petitioners and Appellants,**

v.

**Benjamin D. BROWN and Stacy R. Brown, Respondents and Appellees.**

No. 20051135–CA.

Court of Appeals of Utah.

Dec. 14, 2006.

C. Michael Lawrence, Taylorsville, for Appellants.

Rick L. Sorensen, Hawkins & Sorensen, Murray, for Appellees.

Before BENCH, P.J., McHUGH and ORME, JJ.

## MEMORANDUM DECISION

ORME, Judge:

¶1 We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record[,] and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3). Moreover, the issues presented are readily resolved under applicable law.

¶2 In January 2005, Joseph and Renee Chesonis filed a petition for grandparent visitation rights, which was promptly amended. Thereafter, Benjamin and Stacy Brown filed a motion to dismiss, arguing that the Chesonises lacked standing to bring the petition because their rights were terminated upon their grandchild's adoption. After a hearing on the motion to dismiss, the commissioner recommended the motion be granted. Subsequently, the Chesonises filed an objection to the commissioner's recommendation.

¶3 In September 2005, the Chesonises filed an application to amend the petition for grandparent visitation rights and attached a proposed second amended petition. In addi-

tion to the request for grandparent visitation rights, the second amended petition enumerated fraudulent inducement, promissory estoppel, and detrimental reliance as specific additional causes of action.

¶4 On November 14, 2005, the district court denied the Chesonises' objection to the commissioner's recommendation. Approximately six weeks later, the district court ordered that the Chesonises' second amended petition could be filed and accepted it for filing. Simultaneously, the district court ordered that its November 14 ruling denying the Chesonises' objection to the commissioner's recommendation would also apply to the second amended petition.

¶5 The Legislature has recognized the visitation rights of grandparents. *See* Utah Code Ann. § 30-5-2(1) (Supp.2006). And the Legislature has provided a way in which a grandparent may seek visitation by filing a petition in district court. *See id.* As a preliminary matter, however, the petitioner must meet the statutory definition of "grandparent." *Id.* § 30-5-1(3). Under the statute, "grandparent" is defined as "a person whose child, either by blood, marriage, or adoption, *is* the parent of the grandchild." *Id.* (emphasis added). We have previously recognized that the "visitation rights of both biological parents and grandparents end upon termination of parental rights." *In re B.B.*, 2002 UT App 82, ¶13, 45 P.3d 527, *aff'd*, 2004 UT 39, 94 P.3d 252. *See also In re A.B.*, 1999 UT App 315, ¶21, 991 P.2d 70 ("Grandmother's visitation rights were extinguished by operation of law when the court terminated her child's parental rights.").

¶6 The parental rights of their son having been surrendered, the Chesonises did not fit within the statutory definition of "grandparent" and, thus, lacked standing to bring a petition for visitation. Therefore, had the Chesonises stood on their first amended petition, the district court would have been correct in rejecting the objection to the commissioner's ruling and in granting the motion to dismiss. *Cf. Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir.2005) ("[O]rders which dismiss a complaint without prejudice with leave to amend are not deemed final until ... the

plaintiff has announced its intention to stand on its [original] complaint.").

¶ 7 But the Chesonises substantially amended their petition with leave of court. We take no issue with the trial court's decision authorizing the amendment. On the contrary, "[i]t [is] an abuse of discretion for a district court to dismiss a suit on the basis of the original complaint without first considering and ruling on a pending motion to amend." *Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir.1988). Moreover, "[l]eave to amend a pleading is a matter within the broad discretion of the trial court and we do not disturb its ruling unless appellant establishes an abuse of discretion resulting in prejudice." *Chadwick v. Nielsen,* 763 P.2d 817, 820 (Utah Ct.App.1988). *See* Utah R. Civ. P. 15(a) ("[L]eave [to amend pleadings] shall be freely given when justice so requires.").

¶ 8 Having properly ruled on the Chesonises' lack of standing to bring their first amended petition, and having appropriately granted leave to file the second amended petition, the district court erred when it simply dismissed the second amended petition on the basis recited in its earlier order. The second amended petition was not simply a restatement of the Chesonises' prior claims, but rather went well beyond the Chesonises' initial request for statutory grandparent visitation rights and represented a fundamental shift in the theory of their case. Notably, the Chesonises specifically alleged new causes of action: fraudulent inducement, detrimental reliance, and promissory estoppel. Under these circumstances, the district court erred when it "dismiss[ed][the] suit on the basis of the original complaint without . . . considering and ruling on [the second amended petition]." *Ellison,* 847 F.2d at 300.

¶ 9 Accordingly, we reverse the dismissal of the second amended petition and remand for such other proceedings as are appropriate once the Browns have responded to the second amended petition.

¶ 10 WE CONCUR: RUSSELL W. BENCH, Presiding Judge and CAROLYN B. McHUGH, Judge.