2011 UT App 268

**STATE of Utah, in the Interest of M.A., a person under eighteen years of age.**

**L.B., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20110517–CA.**

Court of Appeals of Utah.

Aug. 11, 2011.

---

L.B., Eden, Appellant Pro Se.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Frank N. Call, Salt Lake City, for Adoptive Parents.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

### DECISION

PER CURIAM:

¶ 1 L.B. (Grandfather) appeals the juvenile court's order granting Adoptive Parents' petition for adoption of M.A. and dismissing his own petition without a hearing. We affirm.

¶ 2 A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *See In re E.R.,* 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.,* 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.,* 2007 UT 82, ¶ 12, 171 P.3d 435.

¶ 3 M.A.'s biological father relinquished his parental rights. Her biological mother's parental rights were terminated by the juvenile court in 2010 and that termination was affirmed by this court. *See In re M.A.,* 2010 UT App 311U, 2010 WL 4378399 (mem.) (per curiam). As a result, M.A. became available for adoption. Adoptive Parents, who had been M.A.'s foster parents for more than two years, filed a petition to adopt M.A. on January 18, 2011. Grandfather filed a petition to adopt M.A. on January 31, 2011.

¶ 4 Because there were multiple adoption petitions filed, Adoptive Parents moved the juvenile court to consolidate the cases and prioritize the petitions pursuant to *In re A.B.,* 1999 UT App 315, 991 P.2d 70. After hearing, the juvenile court found that Adoptive Parents' petition would be primary and scheduled a hearing on the petition. After an evidentiary hearing, the juvenile court granted Adoptive Parents' petition and dismissed Grandfather's petition.

¶ 5 Grandfather asserts that the prioritization was in error and that his petition was inappropriately dismissed. We disagree.

¶ 6 In *In re A.B.,* this court set forth the procedure applicable when competing adoption petitions are filed. *See id.* ¶ 14. Pursuant to rule 42 of the Utah Rules of Civil Procedure, a court may consolidate proceedings when actions involve a common issue of law or fact. *See id.* "In a consolidated adoption proceeding, the court may determine that one petition is the primary matter to be decided and hear that petition first." *Id.* Where there are competing petitions, the petition most compliant with Utah law is properly heard first. *See id.* ¶ 15. If the first petition to be heard is granted, "the adoption placement is concluded and there is no need to consider the second petition." *Id.* ¶ 14.

¶ 7 Here, the juvenile court found that Adoptive Parents' petition was more compliant with Utah law and thus it would be heard first. Adoptive Parents had met several requirements for adoption at the time they filed the petition, including pre- and post-placement evaluations, physical custody of the child for more than six months, and the consent of the Division of Child and Family Services, the legal custodian of the child. M.A. was fully integrated into their family, and that relationship was entitled to special consideration under Utah law. *See* Utah Code Ann. § 78B–6–132 (2008). Additionally, Adoptive Parents were entitled to a statutory preference as a married couple seeking to adopt. *See id.* § 78B–6–117(4). Based on these facts, the juvenile court's decision to hear Adoptive Parents' petition first was well-supported.

¶ 8 Additionally, the evidence at the hearing on the petition supported that the adoption of M.A. by Adoptive Parents would be in M.A.'s best interests, the paramount consideration in an adoption proceeding. *See id.* § 78B–6–102(1). The testimony established that M.A. was well-cared for, loved, and integrated into the family. She had strong child-parent bonds with Adoptive Parents. Also, Adoptive Parents were financially secure and stable. Overall, the finding that adoption by Adoptive Parents was in M.A.'s best interests is supported by the evidence.

¶ 9 Because the juvenile court appropriately granted Adoptive Parents' petition, the adoption placement was concluded and there was no need to hear Grandfather's petition. *See In re A.B.,* 1999 UT App 315, ¶ 15, 991 P.2d 70. With the adoption of M.A., she was no longer available for adoption by Grandfather, and no further hearing was necessary. Accordingly, the juvenile court did

not err in dismissing Grandfather's petition without hearing.[1]

¶ 10 Affirmed.[2]

---

1. To the extent Grandfather raises other issues in his petition, we determine they are without merit and do not address them further. *See Beehive Brick Co. v. Robinson Brick Co.,* 780 P.2d 827, 833 (Utah Ct.App.1989) (noting that the court "need not analyze and address in writing each and every argument").

2. Adoptive Parents' request for attorney fees is denied.