2002 UT App 317

**BRIGHAM CITY, a municipal corporation, Plaintiff and Appellant,**

v.

**Charles W. STUART, Shayne R. Taylor, and Sandra A. Taylor, Defendants and Appellees.**

No. 20010479–CA.

Court of Appeals of Utah.

Oct. 3, 2002.

Leonard J. Carson, Mann, Hadfield & Thorne, Brigham City, for Appellant.

Rod Gilmore, Layton, for Appellees.

Before Judges BENCH, GREENWOOD, and THORNE.

## OPINION

THORNE, Judge.

¶ 1 Brigham City appeals from an interlocutory order granting Defendants' joint Motion to Suppress Evidence collected after Brigham City police officers entered a private residence without first obtaining a warrant. We affirm.

## BACKGROUND

¶ 2 On July 23, 2000, at approximately 3:00 a.m., four Brigham City police officers responded to a loud party complaint. After arriving at the house, the officers proceeded to the back of the house to investigate the noise. From the driveway, through a slat fence, the officers saw two young men, who appeared to be under age, consuming alcohol. The officers entered the backyard through a gate, thereby obtaining a clear view into the back of the house.

¶ 3 Looking into the house through a screen door and two windows, the officers observed four adults restraining one juvenile. The juvenile, who was struggling to break free, managed to swing his fist and strike one of the adults in the face. Two of the officers then opened the screen door and stepped into the house. Only after entering the house did one of the officers shout to identify and call attention to himself. One by one, each person in the kitchen became aware of and acknowledged the officers' presence, then become angry that the officers had entered the house without permission.

¶ 4 The officers subsequently arrested each of the adults and charged them with: contributing to the delinquency of a minor, disorderly conduct, and intoxication. Defendants filed a joint Motion to Suppress Evidence. After an evidentiary hearing, the trial court granted Defendants' motion. Brigham City submitted a proposed order to the trial court that contained the trial court's findings of fact. That order was signed as proposed and it is from this order that Brigham City now appeals.

## ISSUES AND STANDARD OF REVIEW

¶ 5 We review the factual findings underlying a trial court's decision to grant or deny a motion to suppress evidence for clear error, and the legal conclusions for correctness, "with a measure of discretion given to the trial judge's application of the legal standard to the facts." *State v. Moreno,* 910 P.2d 1245, 1247 (Utah Ct.App.1996).

¶ 6 In the present case, neither party disputes the written factual findings that support the trial court's legal conclusion that no exigent circumstances justified the officers' warrantless entry into the private residence. We accordingly review the trial court's application of Fourth Amendment principles to the undisputed facts of this case. *See id.*

## ANALYSIS

¶ 7 Brigham City argues the trial court erred in determining that there were no exigent circumstances to justify the warrantless entry into a private residence. "A warrantless search of a residence is constitutionally permissible where probable cause and exigent circumstances are proven."

*State v. Yoder,* 935 P.2d 534, 540 (Utah Ct. App.1997). When a private residence is involved, the State's burden in proving the existence of probable cause and exigent circumstances is "particularly heavy." *Id.* (citations and quotations omitted). This elevated burden is a result of the "heightened expectation of privacy" that citizens enjoy in their homes. *State v. Beavers,* 859 P.2d 9, 13 (Utah Ct.App.1993).

¶ 8 Exigent circumstances exist where a reasonable person in the officers' position would " 'believe that entry was necessary to prevent physical harm to the officers or other persons, [to prevent] the destruction of relevant evidence, [to prevent] the escape of the suspect,' " or to prevent the improper frustration of legitimate law enforcement efforts. *Beavers,* 859 P.2d at 18 (citation and ellipsis omitted). In addition, the need for immediate entry must be apparent to police at the time of entry, and so strong as to outweigh the important protection of individual rights provided under the Fourth Amendment. *See id.*

¶ 9 Our determination of exigency is based upon an examination of the totality of the circumstances. *See State v. Wells,* 928 P.2d 386, 389 (Utah Ct.App.1996), *aff'd,* 939 P.2d 1204. We grant the trial court a degree of discretion in determining the ultimate disposition because " 'the facts to which the legal rule is to be applied are so complex and varying that no rule adequately addressing the relevance of all these facts can be spelled out....' " *State v. Teuscher,* 883 P.2d 922, 929 (Utah Ct.App.1994) (ellipsis in original) (quoting *State v. Pena,* 869 P.2d 932, 939 (Utah 1994)).

¶ 10 We first address Brigham City's request, made during oral argument, that this court make any additional findings of fact that might be necessary to find exigent circumstances in this case. However, an " 'appellate court is entrusted with ensuring legal accuracy and uniformity and should defer to the trial court on factual matters.' " *Bailey v. Bayles,* 2002 UT 58, ¶ 19, 52 P.3d

1158 (quoting *Willey v. Willey,* 951 P.2d 226, 230–31 (Utah 1997)). The supreme court has further determined:

> It is inappropriate for an appellate court to disregard the trial court's findings of fact and to assume the role of weighing evidence and making its own findings of fact.
>
> . . .
>
> The court of appeals is limited to the findings of fact made by the trial court and may not find new facts or reweigh the evidence....

*Id.* at ¶¶ 19–20.

¶ 11 In addition, Brigham City has previously forsaken an opportunity to shape the trial court's findings of fact.[1] Brigham City has not, however, challenged the trial court's factual findings. We therefore accept the findings as adopted and are in no position to supplement these findings. Thus, based upon the factual findings set forth in the trial court's order, we review the trial court's legal conclusion that no exigent circumstances existed in this case.

¶ 12 Brigham City next argues that the circumstances, as found by the court, clearly establish exigent circumstances supporting the officers' warrantless entry into the private residence. The trial court made the following findings of fact:

1. On July 23, 2001, at approximately 3:00 a.m., four Brigham City Policy officers were dispatched ... as a result of a call concerning a loud party.

2. After arrival at the residence, the officers, from their observations from the front of the residence, determined that it was obvious that knocking on the front door would have done no good. It was appropriate that they proceed down the driveway alongside the house to further investigate.

3. After going down the driveway on the side of the house, the officers could see, through a slat fence, two juveniles consuming alcoholic beverages. At that point, because of the juveniles, there was proba-

1. The trial court first directed Defendants to draft and submit an appropriate order. Brigham City, however, objected to the findings as drafted and proffered a substitution. Over Defendant's objections, the trial court adopted Brigham City's version of the order and findings. Therefore, any findings Brigham City considered necessary to support a conclusion of exigent circumstances should have been included in this order.

ble cause for the officers to enter into the backyard.

4. Upon entering the backyard, the officers observed, through windows and a screen door an altercation taking place, wherein it appeared that four adults were trying to control a juvenile. At one point, the juvenile got a hand loose and smacked one of the occupants of the residence in the nose.

5. At that point in time, the court finds no exigent circumstances to justify the officer's entry into the residence. What he should have done, as required under the 4th amendment, was knock on the door. The evidence is that there was a loud, tumultuous thing going on, and the evidence is that the occupants probably would not have heard, but under the 4th amendment he has an obligation to at least attempt before entering.

■ ¶ 13 After reviewing the trial court's ruling, we conclude that the trial court properly determined that the officers' warrantless entry into the private residence was not justified by the circumstances. The trial court found that some sort of altercation had occurred in the house, but made no findings from which we could reasonably conclude that the altercation posed an immediate serious threat or created a threat of escalating violence. Furthermore, the officers did not immediately physically intervene in the situation, draw weapons, or otherwise act in a manner suggesting an emergency. Neither do the trial court's findings support a conclusion that the destruction of evidence would

have occurred, that the escape of any suspect was imminent, or that any legitimate law enforcement effort would have been frustrated had the officers not been granted immediate entry into the home. On these limited facts, we affirm the trial court's conclusion that exigent circumstances did not exist.[2]

■ ¶ 14 Brigham City next argues that the officers were justified in entering this private residence because the officers observed, first-hand, the commission of a crime. Generally, absent exceptional circumstances or plain error, a party who fails to bring an issue to the trial court's attention is barred from asserting it on appeal. *See State v. Archambeau*, 820 P.2d 920, 922 (Utah Ct.App.1991). Brigham City neither raised this argument to the trial court, nor argued plain error or exceptional circumstances on appeal. We therefore decline to address this argument.

## CONCLUSION

¶ 15 Because we defer to the trial court's findings of fact and, to a limited extent, to the trial court's application of those facts to the law, we conclude that the trial court did not err in concluding that no exigent circumstances existed under these facts. Therefore, we affirm the trial court's grant of Defendants' Motion to Suppress all evidence resulting from the officer's entry into the private residence.

¶ 16 I CONCUR: PAMELA T. GREENWOOD, Judge.

2. In reaching its conclusion, the dissent relies upon *State v. Comer*, 2002 UT App 219, 51 P.3d 55, where police entered a home without a warrant in response to a domestic violence complaint. *Id.* at ¶ 23. In *Comer*, "admittedly a close case," we stated that "the officers had probable cause to believe a domestic violence offense had been, or was being, committed." *Id.* at ¶ 25. We noted that a " 'domestic violence complaint' is 'one of the most potentially dangerous, volatile arrest situations confronting police.' " *Id.* (citations omitted). We identified the specific facts that would prompt the police to believe "there was no time to get a warrant and/or that [their] presence was necessary to prevent physical harm to persons or the destruction of evidence." *Id.* at ¶ 26. The combination of these factors warranted a finding of exigent circumstances. *See id.* The holding in *Comer*,

however, should be narrowly construed, *see id.* at n. 11 (characterizing the *Comer* opinion as adopting approach "for analyzing warrantless police entry into a private residence after receipt of a report of domestic violence at that residence") and only applies when the threat of continued domestic violence is present.

The case at bar is distinguishable from *Comer*, for this is not a "domestic violence" situation. Additionally, the trial court found that the juvenile who seemed to be causing the commotion was restrained when the police arrived. Thus, except for the fact that the juvenile's hand broke loose and "smacked one of the occupants of the residence in the nose," all violence had ceased by the time the officers arrived. Also, unlike *Comer*, the police in the case at bar had a clear view of the interior of the home and could have intervened had further violence ensued.

BENCH, Judge (dissenting):

¶ 17 The outcome of this case is controlled by our recent decision in *State v. Comer*, 2002 UT App 219, 51 P.3d 55. In *Comer*, officers arrived at a home after receiving a call from a citizen that a family fight was in progress. *See id.* at ¶ 2. The defendant opened the door and stepped out onto the porch. *See id.* The officers explained to her why they were there and asked if anyone else was home. *See id.* The defendant did not respond, but " 'immediately turned and walked back inside the residence.' " *Id.* The officers followed and discovered defendant's husband who had marks on his body indicating he had been assaulted. *See id.* at ¶ 3. While arresting the defendant for assault, the officers also discovered drugs and drug paraphernalia. *See id.* at ¶ 4.

¶ 18 We concluded that both probable cause and exigent circumstances existed to justify the officers' warrantless entry into the defendant's home. *See id.* at ¶ 27. We cited several reasons why the defendant's unexplained behavior "would cause an officer to reasonably believe there was no time to get a warrant and/or that his presence was necessary to prevent physical harm to persons or the destruction of evidence," including the officers' reasonable fear that defendant retreated to "immediately resume the altercation reported." *Id.* at ¶ 26.

¶ 19 If, as we concluded in *Comer*, an individual's unexplained behavior and retreat posed an exigent circumstance, then certainly a fight in progress qualifies as an exigent circumstance. In this case, the officers responded to a citizen's call in the middle of the night about a "loud party or altercation." The trial court found that the fight they witnessed was so "loud" and "tumultuous" that the occupants of the residence could not have heard a knock at the door. The officers personally observed a group of adults restrain a juvenile, who broke loose one arm and "smacked one of the [adults] in the nose." These findings do not support the trial court's conclusion that the officers' warrantless entry into the home was not justified by exigent circumstances.[1]

¶ 20 The majority argues that *Comer* is distinguishable and should be narrowly construed to apply only to known incidences of domestic violence. I disagree that the exigent circumstances doctrine applies only to domestic violence situations. However, even assuming, as the majority does, that *Comer* only applies to domestic violence, this case is not distinguishable. The difference between a simple assault and a domestic violence assault is the relationship between the parties involved. From their vantage point outside the house, the officers in this case could not know whether any of the combatants in the house were "cohabitants" as defined by Utah Code Ann. § 30-6-1 (Supp.2002). Based on the fact that a juvenile and several adults were involved and that the altercation was occurring at a residence, it would be reasonable for the officers to assume that the altercation may have been domestic violence. Further, I cannot agree with the majority that the violence had ceased by the time the officers arrived. The officers testified to witnessing a loud, tumultuous altercation where one individual was being physically restrained and another had been struck. Even after entering the house, the officers had a difficult time getting the attention of the combatants. It is nonsensical to require officers, charged with keeping the peace, to witness this degree of violence and take no action until they see it escalate further.

¶ 21 Alternatively, we could remand to the trial court for a finding on the city's assertion that the officers were justified in entering the house because a crime was being committed in their presence. The majority opinion does not address this argument, claiming that it was not raised before the trial court. However, the record reflects that the city did raise the issue to the trial court in the "Plaintiff's Response to Motion to Suppress." The city alleged that "the exigent circumstances which existed included obvious violations of the law in the plain view and presence of the officers." Because the trial court made no specific findings regarding violations of law, the case could be remanded with instructions to the trial court to address whether the

---

1. The officers might also have been justified in entering the residence pursuant to the emergency aid doctrine, a variant to the exigent circum- stances exception. *See Salt Lake City v. Davidson*, 2000 UT App 12, ¶ 10, 994 P.2d 1283.

officers were justified in entering the home because a crime was being committed in their presence.

¶ 22 Accordingly, under *Comer*, I would reverse the trial court's grant of Defendants' motion to suppress. Alternatively, my colleagues should remand for findings on the city's argument that a crime was being committed in the presence of the officers.