76 P.3d 194 (2003)
2003 UT App 262
STATE of Utah, in the interest of D.N. and D.C., persons under eighteen years of age.
G.H.M., Appellant,
v.
State of Utah, Appellee.
No. 20020454-CA.
Court of Appeals of Utah.
July 25, 2003.
*195 Justin K. Roberts, Murray, for Appellant.
Mark L. Shurtleff and Carol L. Verdoia, Salt Lake City, for Appellee.
Martha Pierce, Salt Lake City and Brent J. Newton, Layton, Guardians Ad Litem.
Before BILLINGS, Associate P.J., GREENWOOD, and ORME, JJ.

OPINION
GREENWOOD, Judge.
¶ 1 G.H.M. (Grandmother) appeals, claiming the juvenile court erred in denying her petition for adoption. Specifically, Grandmother argues the juvenile court erred in not granting her "preferential consideration" as a relative during the adoption proceedings.[1]

BACKGROUND
¶ 2 In October 1999, D.N. was briefly removed from the custody of T.N. (Mother) and placed with the Division of Child and Family Services (DCFS). After a shelter hearing, custody was restored to Mother, but D.N. remained under the protective supervision of DCFS. In August 2000, D.N. and her sister D.C. (collectively, the children) were placed in DCFS custody. Grandmother, the children's maternal grandmother, was granted *196 custody of the children as a kinship placement on August 29, 2000. However, due to familial and financial problems, Grandmother returned the children to DCFS less than a month later, on September 15, 2000. The children were then placed in foster care, without a kinship placement.
¶ 3 Approximately one year later, on September 12, 2001, the juvenile court entered an order terminating the parental rights of the children's parents. On August 7, 2001, Grandmother and D.W.M. (Grandfather)[2] filed a Petition for Adoption. The children's Guardian ad Litem filed a Motion in Limine for the purpose of determining whether Grandmother was entitled to a statutory placement "preference" as a relative of the children under Utah Code Ann. § 78-3a-307 (2001).
¶ 4 An Order was entered on the Motion in Limine, wherein the juvenile court determined that Grandmother was an interested party and entitled to a hearing on her adoption petition, but that she was not entitled to a "preference" under section 78-3a-307. The court reasoned that the "preference" applied only to the shelter phase of proceedings, not to adoption proceedings. The juvenile court also ordered a bonding assessment be conducted with Grandmother and Grandfather.
¶ 5 The bonding assessment was conducted in March 2002, and included a similar assessment of the foster parents who had also petitioned for adoption. After trial, the juvenile court entered "Findings of Fact, Conclusions of Law, Decision and Order on [Grandmother and Grandfather's] Petition for Adoption." The juvenile court concluded that it would not be in the best interest of the children to be adopted by Grandmother and Grandfather, and denied their adoption petition. Only Grandmother filed a notice of appeal.

ISSUE AND STANDARD OF REVIEW
¶ 6 We review for correctness the juvenile court's statutory interpretation that "preferential consideration" for relatives is not applicable in adoption proceedings. See In re S.D.C., 2001 UT App 353, ¶ 8, 36 P.3d 540.

ANALYSIS
¶ 7 Grandmother argues that the juvenile court erred in determining that preferential consideration of relatives for placement, applicable in abuse, neglect, and dependency proceedings, does not apply in adoption proceedings. Utah Code Ann. §§ 78-3a-301 to -307 (2002) govern abuse, neglect, and dependency proceedings. The statute grants "preferential consideration" to a relative's[3] request for custody of a child who has been removed from his or her parents' custody, provided such a placement is in the best interest of the child. See Utah Code Ann. § 78-3a-307(5)(a).[4] However,
[a]ny preferential consideration that a relative may be initially granted ... expires 120 days from the date of the shelter hearing. After that time period has expired, a relative who has not obtained custody or asserted an interest in a child, may not be granted preferential consideration by the division or the court.
Id. § 78-3a-307(8)(a).
¶ 8 The State argues that the preferential consideration in abuse, neglect, and dependency proceedings "expires 120 days from the date of the shelter hearing," id.; thus, any preferential consideration that may have been available to Grandmother expired well before adoption proceedings commenced. The State also argues that Grandmother forfeited any preference when she returned the children to DCFS.
*197 ¶ 9 In this case, the children were briefly placed in Grandmother's custody after being removed from Mother. Although the children were returned to the custody of DCFS, Grandmother argues that the juvenile court erred in refusing to grant her preferential consideration in the adoption proceedings because by initially taking the children she expressed an "interest" in the children, see id. (stating relative may obtain custody or assert an interest in child), which maintained her preferential consideration status.
¶ 10 A plain reading of section 78-3a-307, however, reveals that it is focused solely on the placement of a child after a shelter hearing, enunciating a policy favoring placing a child with a relative if that is in the best interest of the child. This preference expires after 120 days if there is no success in identifying a suitable relative. See id. § 78-3a-307(8)(a). A suitable relative is one who is "willing to cooperate if the child's permanency goal is reunification with his parent or parents, and be willing to adopt or take permanent custody of the child if that is determined to be in the best interests of the child." Id. § 78-3a-307(5)(b)(i). This provision is consistent with the legislature's stated policy of providing permanent, stable homes for children whose parents cannot appropriately care for them. See id. §§ 62A-4a-103(2)(b), 62A-4a-206(1)(a)-(b) (2000). This policy is furthered by identifying potential adoptive parents as soon as practicable to achieve permanence for children. Given the paramount importance of stability and permanence, whatever interest and suitability for placement Grandmother initially established was essentially repudiated when she returned the children to DCFS.
¶ 11 Moreover, even if this court determined that Grandmother maintained her "preferential consideration" by expressing an "interest" in the children, the determinative issue before us is whether the "preferential consideration" available in abuse, neglect, and dependancy proceedings extends to adoption proceedings. The juvenile court determined "[t]hat Utah Code Ann[.] § 78-3a-307 (2001) does not provide a preference for placement with [Grandmother]. That section of the law governs a preference during the shelter phase of the Child Welfare Act and the Court will not extend the preference in that section to these adoption proceedings."
¶ 12 Utah Code Ann. §§ 78-30-1 to -19 (2002) (Adoption Code) governs adoption in Utah. The Adoption Code does not provide preferential consideration for family members. Further, there is nothing in the Adoption Code that supports applying such a preference to adoption proceedings. The governing criterion for adoption is that the "best interest of the child should govern and be of foremost concern in the court's determination." Id. § 78-30-1.5(1).[5] However,
[i]n assessing the best interest of a child in the custody of [DCFS] whose foster parents have petitioned for adoption, the court shall give special consideration to the relationship of the child with his foster parents, if the child has been in that home for a period of six months or longer.
Id. § 78-30-1.6 (emphasis added). Thus, in adoption proceedings, only a person, which could include a relative, who has acted as a foster parent to the child, is given "special consideration," and that is only after being a child's foster parent for "six months or longer." Id. Relatives are not given "preferential consideration" in adoption proceedings merely because they are relatives. See In re A.B., 1999 UT App 315, ¶ 16, 991 P.2d 70.
¶ 13 In A.B., the grandmother had custody of two of three siblings for over a year after the children were removed from their parents' custody. See id. at ¶ 4. At a review hearing the two children were removed from the grandmother's custody and placed with the other sibling in the home of a couple who later petitioned to adopt all three children. See id. at ¶ 4. The grandmother filed a petition to adopt the children, arguing she should be given a preference in the adoption proceedings as a relative of the children. See id. at ¶¶ 7, 16. This court rejected the argument as unavailing because "Utah law does not give such a preference in adoption cases," *198 noting that the standard for adoption is "`the best interest of the child.'" Id. at ¶ 16 (quoting Utah Code Ann. § 78-30-1.5 (1996)). Similarly in this case, Grandmother requests preferential consideration because of a familial relationship. However, as in A.B., such consideration is not available in adoption proceedings. Rather, to fulfill the statutory policy established by our legislature, courts must look only to the best interest of a child, giving "special consideration" only "to the relationship of the child with his foster parents, if the child has been in that home" for six months or longer. Utah Code Ann. § 78-30-1.6.
¶ 14 Grandmother did not maintain a foster parent relationship with the children because of financial and familial problems. Consequently, she was not entitled to "special consideration" under the Adoption Code. Any "preferential consideration" she could have claimed within 120 days of the shelter hearing is not applicable in adoption proceedings because familial relationships have not been granted a preference by our legislature in adoption proceedings. See A.B., 1999 UT App 315 at ¶ 16, 991 P.2d 70. Thus, the juvenile court correctly concluded that section 78-3a-307 was inapplicable.

CONCLUSION
¶ 15 Any "preferential consideration" for relatives provided during abuse, neglect, and dependency proceedings, is not applicable in adoption proceedings because relatives are not statutorily entitled to preferential consideration in adoption proceedings. See In re A.B., 1999 UT App 315, ¶ 16, 991 P.2d 70. Thus, the juvenile court was correct in concluding that Utah Code Ann. § 78-3a-307 (2002) is inapplicable in adoption proceedings.
¶ 16 We therefore affirm.
¶ 17 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, and GREGORY K. ORME, Judge.
NOTES
[1] Grandmother also claims the juvenile court erred when it did not order a preplacement adoptive evaluation, and instead ordered a "bonding assessment" to be completed prior to entering its decision. Grandmother failed to preserve this issue for appeal. Rule 24(a)(5)(A) of the Utah Rules of Appellate Procedure requires that Grandmother cite to the record "showing that the issue was preserved in the trial court." Id. Here, Grandmother did not file a transcript of the proceedings below, nor did she file a motion with the juvenile court establishing her objection. "[A]bsent exceptional circumstances or plain error, a party who fails to bring an issue to the trial court's attention is barred from asserting it on appeal." Brigham City v. Stuart, 2002 UT App 317, ¶ 14, 57 P.3d 1111. Because Grandmother has not established that she raised the issue before the trial court, and does not argue plain error or exceptional circumstances on appeal, we decline to address it. See id.
[2] Grandfather is Grandmother's husband and Mother's step-father.
[3] "`[R]elative' means an adult who is a grandparent, great grandparent, aunt, great aunt, uncle, great uncle, brother-in-law, sister-in-law, stepparent, first cousin, stepsibling, or sibling of the child." Utah Code Ann. § 78-3a-307(5)(d) (2002).
[4] Utah Code Ann. § 78-3a-307(5)(a) does not guarantee that "an identified relative will receive custody of the child." Id. Section 78-3a-307(5)(a) only grants preferential consideration to a relative "if it is in the best interest of the child." Id. (emphasis added).
[5] Grandmother does not appeal from the juvenile court's findings of fact and conclusion that adoption by her was not in the children's best interest.